IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:08cv908-WC |
| | ) | |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

# MEMORANDUM OPINION AND ORDER

## I.    INTRODUCTION

Plaintiff Charlotte Johnson applied for disability insurance benefits under Titles II and XVI of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.* and 1381-1383c. Plaintiff's application was denied at the initial administrative level. Plaintiff then requested and received two hearings before an Administrative Law Judge (ALJ). Following the hearings, the ALJ also denied the claims. The Appeals Council rejected a subsequent request for review. The ALJ's decision consequently became the final decision of the Commissioner of Social Security (Commissioner).[1] *See Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986). The case is now before the Court for review under 42 U.S.C. § 405(g). Pursuant to 28 U.S.C. § 636(c), both parties have consented to the conduct of all proceedings and entry

---

[1]     Pursuant to the Social Security Independence and Program Improvements Act of 1994, Pub. L. No. 103-296, 108 Stat. 1464, the functions of the Secretary of Health and Human Services with respect to Social Security matters were transferred to the Commissioner of Social Security.

of a final judgment by the undersigned United States Magistrate Judge.  Pl.'s Consent to

Jurisdiction (Doc. #13); Def.'s Consent to Jurisdiction (Doc. #12).  Based on the Court's

review of the record and the briefs of the parties, the Court AFFIRMS the decision of the

Commissioner.

## II.    STANDARD OF REVIEW

Under 42 U.S.C. § 423(d)(1)(A), a person is entitled to disability benefits when the

person is unable to

> engage in any substantial gainful activity by reason of any medically
> determinable physical or mental impairment which can be expected to result
> in death or which has lasted or can be expected to last for a continuous period
> of not less than 12 months.

42 U.S.C. § 423(d)(1)(A).[2]

To make this determination, the Commissioner employs a five-step, sequential

evaluation process.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2006).

> (1) Is the person presently unemployed?
> (2) Is the person's impairment severe?
> (3) Does the person's impairment meet or equal one of the specific
> impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1? [the Listing of
> Impairments]
> (4) Is the person unable to perform his or her former occupation?
> (5) Is the person unable to perform any other work within the economy?

> An affirmative answer to any of the above questions leads either to the next
> question, or, on steps three and five, to a finding of disability.  A negative
> answer to any question, other than step three, leads to a determination of "not

---

[2]    A "physical or mental impairment" is one resulting from anatomical,
physiological, or psychological abnormalities which are demonstrable by medically acceptable
clinical and laboratory diagnostic techniques.

disabled."

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).[3]

The burden of proof rests on a claimant through Step 4. *See Phillips v. Barnhart*, 357 F.3d 1232, 1237-39 (11th Cir. 2004). A claimant establishes a *prima facie* case of qualifying disability once they have carried the burden of proof from Step 1 through Step 4. At Step 5, the burden shifts to the Commissioner, who must then show there are a significant number of jobs in the national economy the claimant can perform. *Id*.

To perform the fourth and fifth steps, the ALJ must determine the claimant's Residual Functional Capacity (RFC). *Id*. at 1238-39. RFC is what the claimant is still able to do despite his impairments and is based on all relevant medical and other evidence. *Id*. It also can contain both exertional and nonexertional limitations. *Id*. at 1242-43. At the fifth step, the ALJ considers the claimant's RFC, age, education, and work experience to determine if there are jobs available in the national economy the claimant can perform. *Id*. at 1239. To do this, the ALJ can either use the Medical Vocational Guidelines[4] (grids) or call a vocational expert (VE). *Id*. at 1239-40.

The grids allow the ALJ to consider factors such as age, confinement to sedentary or light work, inability to speak English, educational deficiencies, and lack of job experience.

---

[3]        *McDaniel v. Bowen*, 800 F.2d 1026 (11th Cir. 1986), is a supplemental security income case (SSI). The same sequence applies to disability insurance benefits. Cases arising under Title II are appropriately cited as authority in Title XVI cases. *See, e.g., Ware v. Schweiker*, 651 F.2d 408 (5th Cir. 1981).

[4]        *See* 20 C.F.R. pt. 404 subpt. P, app. 2.

Each factor can independently limit the number of jobs realistically available to an individual. *Phillips*, 357 F.3d at 1240. Combinations of these factors yield a statutorily-required finding of "Disabled" or "Not Disabled." *Id*.

The Court's review of the Commissioner's decision is a limited one. This Court must find the Commissioner's decision conclusive if it is supported by substantial evidence. 42 U.S.C. § 405(g); *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971). *See also Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) ("Even if the evidence preponderates against the Commissioner's findings, [a reviewing court] must affirm if the decision reached is supported by substantial evidence."). A reviewing court may not look only to those parts of the record which support the decision of the ALJ, but instead must view the record in its entirety and take account of evidence which detracts from the evidence relied on by the ALJ. *Hillsman v. Bowen*, 804 F.2d 1179 (11th Cir. 1986).

> [The court must] . . . scrutinize the record in its entirety to determine the reasonableness of the [Commissioner's] . . . factual findings. . . . No similar presumption of validity attaches to the [Commissioner's] . . . legal conclusions, including determination of the proper standards to be applied in evaluating claims.

*Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

4

## III.   ADMINISTRATIVE PROCEEDINGS

Plaintiff was forty-five years old at the time of the hearing before an ALJ and had at least a highschool education.  (Tr. 17).  Plaintiff's past relevant work experience included work as a cotton sampler, office clerk, office manager, and payroll clerk.  *Id*.  Following the administrative hearing, and employing the five-step process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date of February 1, 2005 (Step 1).  (Tr. 13).  At Step 2, the ALJ found that Plaintiff suffers from the following severe impairments: "seizure disorder, irritable bowel syndrome, mild mononeuritis multiplex, mild coronary artery disease, carpal tunnel syndrome, lumbar degenerative disc disease, post traumatic stress disorder, depressive disorder, and anxiety disorder." (Tr. 10).  The ALJ then found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments.  (Step 3) (Tr. 13).  Next, the ALJ found that Plaintiff retains the RFC to "lift 40 pounds occasionally from floor to knuckle and 35 pounds from knuckle to shoulder; lift 20 pounds frequently; carry 20 pounds frequently and occasionally; walk, sit, stand, stoop, crouch, handle, finger, climb stairs, crawl, reach, and kneel for six hours in an eight-hour day; no exposure to temperature extremes; occasional exposure to dust, fumes, and gases; occasional balancing; and limited to unskilled work that requires no more than occasional interaction with the general public." (Tr. 10-11).  Given this level of RFC, the ALJ determined that Plaintiff is unable to perform past relevant work.  (Step 4) (Tr. 17).  The ALJ also found that, considering claimant's age, education, work

5

experience, RFC, and the testimony of the vocational expert, Plaintiff could perform jobs that exist in significant numbers in the national economy. (Tr. 17).   Accordingly, the ALJ determined that Plaintiff is not disabled.  (Tr. 18).

## IV.   PLAINTIFF'S CLAIMS

Plaintiff makes no claim of error in her brief.  A subsection title appears in her brief that states: "The record refutes the claim of the Administrative Law Judge's findings."  Pl.'s Brief (Doc. #9) at 1 (all caps omitted).   However, as stated in this Court's November 19, 2009 Order, "general statements of issues such as 'the ALJ's decision is not supported by substantial evidence' will not be considered by the court."  (Doc. #2) at n.1.[5]

## V.   DISCUSSION

Plaintiff's brief alleges no error by the ALJ.  Rather, Plaintiff merely makes a series

---

[5]  Further, Plaintiff's brief was not filed in a manner prescribed by the November, 19 2008, Order, in which the Court instructed:

Plaintiff's brief shall contain a section titled "Statement of the Issues." In this section **in numbered paragraphs**, Plaintiff shall state in a **concise, specific manner** each issue which Plaintiff presents to the court for resolution. Issues not presented in the Statement of the Issues will not be considered. . .

Claims or contentions by Plaintiff alleging deficiencies in the ALJ's consideration of claims or alleging mistaken conclusions of fact or law and contentions or arguments by the Commissioner supporting the ALJ's conclusions of fact or law **must include a specific reference, by page number, to the portion of the record** which (recites the ALJ's consideration or conclusion and (2) which supports the party's claims, contentions or arguments.

Order (Doc. #2) at 2-3.

of statements that one might find in either a "facts" or "legal standards" section of a brief. Plaintiff completely fails to allege any wrong-doing or error by the ALJ.

In the first paragraph, Plaintiff states her age at the time of the hearing, lists her severe impairments (as found by the ALJ), admits her history of substance abuse, and states that she has visited a number of doctors.  In the second paragraph, Plaintiff states Dr. McManus's findings, informs the Court that the ALJ did not give credibility to Dr. McManus's findings,[6] and then tells the Court that records from Spectra Care indicate that Plaintiff should continue treatment and that her problems would preclude her work activity.  *Id*. at 1-2.

These are all factual statements, which though blended with opinions, do not constitute arguments.  Further, the third and final paragraph of this brief is simply a series of statement as to: (1) the Eleventh Circuit's three part standard the ALJ must employ before considering subjective testimony of pain; (2) the requirement that an "ALJ's reasons for discrediting the claimant's testimony must be premised on substantial evidence and be sufficiently explicit;" and (3) the requirement that "the ALJ cannot reject claimant's testimony based solely on [the ALJ's] own observations or on criteria that is unsubstantiated by objective medical evidence."[7]  *See Id*. at 2.

_____

[6] The ALJ properly afforded Dr. McManus's opinion no weight because it was: (1) "inconsistent with the office notes of the facility where she received mental health treatment;" (2) "drastically incompatible with the activities of daily living which she had sustained for a long time;" (3) "internally inconsistent;" and (4) "at odds with multiple contrary observations throughout Exhibit 37F [Tr. 707-49] and elsewhere."  (Tr. 11-12).

[7] In this case, the ALJ did not find Plaintiff's complaints of pain and other subjective complaints credible and articulated his reasons why, citing: the conflicting objective medical

In response to Plaintiff's "brief," the Commissioner attempted to infer arguments on Plaintiff's behalf and then respond.  It is the job of Plaintiff to present arguments on her own behalf, not the Commissioner's.[8]  Thus, the Court will not assume arguments on Plaintiff's behalf, as it is Plaintiff's burden to prove she is disabled.  *See Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir.1999).  "It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. [] Judges are not expected to be mindreaders.  Consequently, a litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace."  *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) (internal quotations omitted).

As to the broad allegation in Plaintiff's title, under the normal standard of review this Court must "scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings."  *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).  The

---

evidence in the record; Plaintiff's statement that her positive drug test was a result of "mere physical proximity to others that use drugs;" and evidence that Plaintiff was malingering.  (Tr. 10-16).

[8]  The reason for this should be obvious.  The Commissioner assumes three arguments on Plaintiff's behalf: (1) "Contrary To Plaintiff's First Claim, The ALJ Properly Assessed Her Credibility;" (2) "Contrary To Plaintiff's Second Claim, The ALJ Properly Rejected Dr. McManus' Opinion And Gave No Special Weight To Opinions From Mental Health Counselors;" and (3) "The ALJ's Finding That Plaintiff Could Perform Work Existing In Significant Numbers Is Supported By Substantial Evidence and Free of Legal Error."  Def's. Brief (Doc. #10) at 9-15.  The Court is unclear as to how the Commissioner chose these as Plaintiff's arguments, especially considering there is no mention in Plaintiff's brief regarding the ALJ's determination that Plaintiff could perform work in the national economy.  This illustrates the reason Plaintiff must clearly and succinctly articulate her claims.

Court has reviewed the record and finds that the ALJ's determinations were reasonable, supported by substantial evidence, and without error.

## VI.   CONCLUSION

The Court has carefully and independently reviewed the record and concludes the decision of the Commissioner is AFFIRMED.  A separate judgment will issue.

DONE this 27th day of October, 2009.

/s/ Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE

9